UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN J. VICKNAIR, JR.

VERSUS

UNITED STATES, ET AL

CIVIL ACTION

NO. 10-386-BAJ-DLD

## ORDER

On June 7, 2010, plaintiff, Alvin J. Vicknair, initiated this action against defendants, "United States, Judge Christine Noland, Judge James J. Brady, Douglas G. Swenson, and Parish of St. John The Baptist Edgard, Louisiana" (complaint, p. 1). The complaint initially provides that:

> NOW INTO COURT, PLAINTIFFS' [sic] ALVIN J. VICKNAIR, JR. and THE CONSTITUTION OF THE UNITED STATES, LAWS, FEDERAL STATUTES, and LAWS and move this Honorable for an **ORDER** to stop LOUISIANA STATUTES ANNOTATED CONSTITUTION and LAWS from evading and challenging the CONSTITUTION OF THE UNITED STATES and LAWS.

(Complaint, ¶ A (emphasis in original)).

The complaint seeks, *inter alia*, to have the Court issue orders to stop the Louisiana Constitution and laws from preempting the United States Constitution and laws, and to establish federal law and the United States Constitution as the "Supreme Law of the Land" (complaint, ¶¶ B-F). The complaint also seeks "Monetary Damages in Excess of 45 Billion from each [of the] Defendants for the Acts of Treason, conspiracies and conduct prejudicial to the CONSTITUTION OF THE UNITED STATES and Laws violations [sic] paid to the United States of

America" (complaint, ¶ H). The complaint further seeks an award of "15 million to Plaintiff" and alleges that:

> JURISDICTION is invoked under "(28 USC 13131), (28 USC 1343(b)), for money damages accruing for injury caused by wrongful acts of any employee of the Government while acting within the scope of his or hers [sic] office of employment, of adjudicating the Constitution of the United States and Laws etc. under circumstances where the acts occurred, under Article III of the Constitution of the United States (a) (d), (28 U.S.C. statutes 2283) under the Civil Rights Act, Article III, section 2 of the Constitution of the United States, (28 U.S.C. statute 1332(a)) [sic], (28 U.S.C. statute 1367, (28 U.S.C. statute 1367(a) . . . .

(Complaint, ¶ L).

Based upon a review of the complaint, this action appears to have arisen out of a previous action in which plaintiff filed suit against "Governor Bobby Jindal, State of Louisiana, [and] Louisiana state police officer David Easley" in the United States District Court for the Middle District of Louisiana (complaint, p. 7).[1] In that action, plaintiff alleged that the defendants acted unconstitutionally during the investigation and general handling of a traffic accident (See 08-cv-834-JVP-CN, complaint). The record of that action indicates that the defendants were represented by Louisiana Assistant Attorney General Douglas G. Swenson, who is listed as a defendant in the present action. The complaint prayed for "vindication of the Fourteenth Amendment Constitutional rights, lie detector testing of State Police Officer, [sic]

---

[1] The complaint references "civil action number 08-834-JVP-CN."

2

David Easley, Perjury proceedings etc,." (*Id.* at p. 7). The record indicates that the action was dismissed on May 21, 2009, in accordance with Fed.R.Civ.P. 41(a)(2) and pursuant to a motion by plaintiff for voluntary dismissal.[2] (08-cv-834-JVP-CN, doc. 21). The order of dismissal was signed by Judge James J. Brady, who is listed as a defendant in this action. (*Id.*). Magistrate Judge Christine Noland was also assigned to the previous case and is listed as a defendant in the present action. (*Id.*).

On July 30, 2010, after reviewing the record, the court noted that it's jurisdiction needed to be properly addressed before the action could proceed, and the court ordered plaintiff to show cause "why the claims should not be dismissed for (1) failure to state claims based in law and fact; (2) lack of standing by plaintiff to assert claims of treason and conspiracy and conduct prejudicial to the Constitution of the United States of America; and (3) absolute immunity of judges acting in their judicial capacities" (doc. 11). In response, plaintiff submitted a document captioned:

> 28 U.S.C.A. STATUTE 1651 (1964) PREROGATIVE WRIT OF HABEAS COUPUS [sic] MANDAMUS FOR STAY THE EXECUTION OF JUDGE BRIAN A. JACKSON JULY 30, 2010 ORDER TO SHOW CAUSE FEDERAL STATUTES, LAW VIOLATIONS, SMITH ACT VIOLATIONS, 18 U.S.C. 241 (e.g., conspiracy):

(Doc. 13, p. 1).

---

[2] According to the record, plaintiff appealed the dismissal, but the appeal was dismissed for want of prosecution. (*See* 08-cv-834-JVP-CN, doc. 26).

Plaintiff's submission in response to the order to show cause failed to address any of the issues set forth in the order of July 30, 2010. Instead, the document suggests that the undersigned judge should issue indictments against six judicial officers, including himself. Plaintiff seeks to have all six charged with eleven counts of "SMITH ACT VIOLATIONS," eleven counts of "ACTS OF TREASON against the CONSTITUTION OF THE UNITED STATES, LAW etc.;" and eleven counts of "aiding and abetting Federal Statutes, Law etc. violations under 18 U.S.C. Statute 241 (e.g., conspiracy)" (doc. 13, pp. 4-11). The response to the order to show cause also seeks, *inter alia:* a "PREROGATIVE WRIT OF HABEAS CORPUS MANDAMUS to compel JUDGE BRIAN A. JACKSON to issue an ORDER to the UNITED STATES CONGRESS under 18 U.S.C. 241 (e.g., conspiracy) to permit the UNITED STATES CONGRESS to ban wholly JUDGE BRIAN A. JACKSON July 30, 2010 ORDER TO SHOW CAUSE" (doc. 13, p. 2); and a "PREROGATIVE WRIT OF HABEAS CORPUS MANDAMUS to compel JUDGE BRIAN A. JACKSON to ORDER the UNITED STATES CONGRESS in this private civil action under 18 U.S.C. 241 (e.g., conspiracy) to provide extraordinary legal remedies in this some what unusual situation and civil action." (*Id.*).

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. Of America*, 511

U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010); see also, *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748, (5th Cir. 2009) (stating that "[t]he plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence").

Plaintiff has failed to carry his burden of establishing the Court's jurisdiction over this matter. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)(citing Fed.R.Civ.P. 12(h)); *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); see also e.g., *New Orleans Mail Co. v. Flanders*, 79 U.S. 130, 135, 20 L.Ed. 249 (1870) (stating that, where a court "is without jurisdiction, it is in general irregular to make any order in the cause except to dismiss the suit") .

## CONCLUSION

Accordingly, this action is hereby **DISMISSED** for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, August 12, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA